** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
TIME RECEIVED December 6, 2024 at 12:20:46 PM PST | REMOTE CSID 765 521 3745 | DURATION 1028 | PAGES 7 | STATUS Received

5/30/24, 3:30 PM image000006008.jpg

Terry, 4th

**Notice of claim By United States Citizen to Ada County, Political subdivision of The State of Idaho.**

In accordance to Idaho code 6-901 through 929
Idaho Code 6-902 and 6-906

Claimant:
Aaron L. Phelps
2651 2nd St. S #6
Nampa, ID 83686
218Phelps@Gmail.com
1(307)543-6003

Date: August 22nd, 2023
*Location:* Westbound I-84 @ or near milepost marker 65
*Time:* Approx. 3:40

**Description of events**

Please see Attached description of events

**Participant or witness**

Ada County Sheriffs Office has failed to provide the identification of officer involved.
Aaron Phelps, 6132 Sunrise ave. Portage IN 46368
ACSO Officer #3 (unidentified), 7200 Barrister Dr. Boise Idaho 83704 (208) 577-3000
(James Pickard ACSO #4754)

**Reason of damage or claim**

U.S. Constitution Fourth amendment violation
Breach of duty
Wilful misconduct
Degradation of character
assault/ unlawful use of force
Confinement

**Amount of claim: $220,000.00 USD**

**Dated this 11 Day of september 2023**

**Signature** [signature] 09/11/2023

Ada County Sheriff office deputy Cooper initiated a traffic stop with another officer that was present in person and wearing a bulletproof vest. This officer is hereby named as officer #3 until a proper U.S. identification can be bestowed upon him.

Seized in place, unallowed to leave or reenter my vehicle i was guarded by officer #3 for approx 20 or more minutes. I was beginning to get restless as well as stressed and depressed. I didnt feel as i could safely reach into my pocket and grab my nicotine vape. Especially without arousing suspicion or fear/discomfort from officer #3. I explained to officer #3 what exactly I was going to do and that i would do it slowly. If he needed to FRISK me feel quick he could, just let me grab my vape. I grabbed my vape and hit it officer #3 required my hands upon my head with his hand and my feet with his [illegible]. He pulled my cellphone out and placed it on the hood to coopers truck. He began frisking me and as he frisked my front right pocket (zip from [illegible]) He squeezed and manipulated the item inside asked me what it was and I told him. He asked if he could go into my pocket and retrieve it and i responded so that if he wanted it out of my pocket i would retrieve it for him and do it slowly. "I just empty my pockets real quick if you want." He advised he did not want that. I never gave consent to search, only frisk. After repeated [illegible] it grab it for you, officer would not stop harassing me so i changed my response to if you have to, if you have to. I did never openly give consent because consent must be clear. "If you have to" does not equate to yes, a consent, or need. Officer DID not have to enter my pocket nor did he articulate what exactly he was going in for. Terry frisk violation 4th amendment violation plain [illegible] doctrine violation.

The officer violated terry frisk the second his hand entered my pocket and is a 4th amendment violation because he breached his duty and used force in physical detainment by seizing my hands and feet in place while illegally searching my pocket. the [illegible] is created by a citizen [illegible] frisk, the physical was for safety but it turned into a confinement the second he entered my pockets illegally as he was not acting within the scope of law during, by violating policies and did so without warrant, consent, probable cause or reasonable suspicion. He did so in an attempt to obtain evidence and create probable cause for an arrest where none exist and in doing so officer #3 violated numerous federal laws, state laws, ACSO policy and procedure, as well as against the oath he took as a public official. Specifically my 4th amendment rights and treating me less than an American citizen with unalienable rights per U.S. Const 14 sec 1. Without consent for the zip to be searched, after officer #3 removed and confirmed the contents he continued the frisk.

Officer continued frisking me after this and as he frisked my right rear pocket he pulled the top lip back and looked inside, he then without warning, probable cause, consent, warrant or reasonable suspicion that it was a dangerous weapon, drugs, or contraband, he reached into my right rear pocket exclaiming, "is this your copy of the citation deputy Cooper just handed you?" I responded yes it is! Officer #3 took a long [illegible] and expressed his disinterest in continuing the frisk/illegal search.

Even if there is an argument for my front right pocket being searched, officers exclamation and retrieval [illegible] with the right rear pocket, of a citation just given to me in front of officers, and without me leaving officers watchful eyes cannot be explained as a weapon contraband or paper that had drugs wrapped in it. He knew it to be a newly folded piece of paper and still violated my right to privacy, unlawful searches and seizure [illegible], [illegible] doctrine, terry frisk rules, federal law.



[illegible]

Amount of Claim [illegible]

Dated this [illegible] day of September 2023

Signature: [signature]



have not been told what i was being seized and searched for. With an officer in front of me and 2 in my truck its safe to assume im not free to leave. After an additional 10 minutes Deputy Cooper returned from my truck and verbally told me i was now being detained and that he would like to search me. officer 3 stated he had already done the search. Cooper then [illegible] stepped around and did so because of 2 reasons. attempted entrapment. he couldnt find anything so he was seeing if i would flee. as well as to allow officer koeller to unlawfully enter into my glovebox off camera. Officer cooper had no reason to detain me at that point and that is the evidence of attempted entrapment. And officer wilful misconduct by going against policy and procedure that all searches and detainments be video when possible. It was possible just circumvented. My vehicle alarm going off is enough to show search not consentual as only need to prove beyond 50% probability in civil.

Cooper returned to aid in the vehicle search and after another 8ish minutes returned and told me that i was free to go. Because of that statement i have change in pocket and am free to go upon returning to my vehicle koeller closes my passenger door and climbs under my vehicle search the undercarriage. Creating another 5th amendment violation. The officer in charge released me from the scene yet koeller continued his search. When passenger door was closed the stop, even the illegal parts were over. Yet koeller violated my 4th amendment again by climbing and searching even just touching my vehicle after the stop had been concluded by officer in charge i still did not feel free to leave until koeller removed himself from under my vehicle

Aaron Phelps

Aaron Phelps