UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON LEE PHELPS,<br><br>    Plaintiff,<br><br>vs.<br><br>ADA COUNTY SHERIFF OFFICE, MATTHEW CLIFFORD, JAMES PICARD, TIMOTHY COOPER, ROBERT KOLLER, and BENJAMIN S. JOHNSON,<br><br>    Defendants. | Case No. 1:24-cv-00589-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is the civil rights complaint of Aaron Lee Phelps. Dkt. 3. He originally filed an in forma paupers application (Dkt. 1), but later paid the filing fee (*see* receipt #1000052478). He now moves the Court to initiate service of the complaint upon Defendants. Dkt. 7. The Court now reviews these motions and the allegations of the Complaint. Dkt. 3.

## REVIEW OF COMPLAINT

Plaintiff alleges that, on August 22, 2023, Ada County Sheriff's Office employees violated his Fourth Amendment rights by carrying out an illegal traffic stop; detaining him without reasonable suspicion after a traffic warning was issued to await a K-9 unit; and then searching his vehicle inside and outside with the K-9 unit without reasonable

**INITIAL REVIEW ORDER BY SCREENING JUDGE  - 1**

suspicion or a warrant. Dkt. 3. Plaintiff was issued a traffic warning for not using his blinker long enough before turning, but no criminal charges arose from the stop.

Plaintiff further alleges that, on September 21, 2023, Defendant Koller and two other officers approached him at a Winco store check-out counter and caused a T-mobile data breach. Dkt. 3 at 5-6. Plaintiff also seems to allege that Defendants altered documents, threatened him by intimidation, and conspired to interfere with his filing of tort claims and this lawsuit. *Id*. at 6.

### 1. Screening Requirement

The Court is required to review complaints filed by prisoners and paupers seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

### 2. Claims upon which Plaintiff May Proceed

Plaintiff asserts that he was unlawfully stopped by officers for a traffic violation; detained longer than required to accommodate arrival of a drug dog; and, after he was issued a warning and the traffic stop was completed, a drug dog was engaged to search his vehicle, inside and out.

As to the initial traffic stop being unlawful or pretextual, the Fourth Amendment protects citizens from unreasonable searches and seizures by the government. U.S. Const.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

amend. IV. This protection extends to brief investigatory stops of persons or vehicles that fall short of traditional arrest. *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *Terry v. Ohio*, 392 U.S. 1, 9 (1968), *overruled on other grounds by Davis v. Washington,* 547 U.S. 813 (2006)). The driver or passenger of a car stopped by the police is considered "seized" and may assert a Fourth Amendment claim for a wrongful seizure if facts support such a cause of action. *Brendlin v. California*, 551 U.S. 249, 257-58 (2007).

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). An investigatory stop based on reasonable suspicion satisfies the Constitution even if that reasonable suspicion is based on an officer's good-faith mistake of fact. *United States v. Miguel*, 368 F.3d 1150, 1153-54 (9th Cir. 2004), *overruled in part on sentencing guidelines grounds by United States v. Gasca-Ruiz*, 852 F.3d 1167 (9th Cir. 2017). Even an officer's reasonable mistake of the law supports the view that a stop was reasonable. *Heien v. North Carolina*, 574 U.S. 54 (2014) (traffic stop deemed reasonable where officer mistakenly believed one burned-out tail light was contrary to law, but the code stated only that a car be "equipped with *a* stop lamp," which the vehicle had) (emphasis added)).

The Court will permit Plaintiff to proceed on his claims that there was no reasonable suspicion to stop him for not using his blinker in the manner required by law. However, these claims may later be subject to dismissal based on facts provided by Defendants.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

As to Plaintiff's claims that a drug dog search occurred after completion of the traffic stop for failing to use a signal properly, the United States Supreme Court has addressed a similar claim and reasoned and held in *Rodriguez v. United States*, 575 U.S. 348, 350–51 (2015):

> This case presents the question whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop. We hold that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures. A seizure justified only by a police-observed traffic violation, therefore, becomes unlawful if it is prolonged beyond the time reasonably required to complete the]mission" of issuing a ticket for the violation.

*Id*. at 350–51 (internal citation and alterations omitted).

Liberally construing Plaintiff's Complaint, the Court will permit him to proceed against the individual officers in their personal or individual capacity.

### 3. Claims which Require Amendment

*Mobile phone data breach*. It is unclear what Plaintiff means that Defendant Koller later caused a T-mobile data breach. Plaintiff will be given leave to more fully explain this claim and why it is a constitutional violation in an amended complaint, filed any time before the amendment deadline expires.

*Altered documents, threats, and conspiracy*. Plaintiff also states that Defendants altered documents and threatened him by intimidation and conspired to interfere with his filing of tort claims and this lawsuit. Dkt. 3 at 6. These allegations are too vague to be actionable and must be amended if Plaintiff desires to proceed.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

*Deceased officer*. Plaintiff is suing an officer named Benjamin S. Johnson for an incident that arose in 2023, but also asserts that Johnson has been deceased since 2018. Plaintiff may not sue a deceased person, and it is unlikely that the settlement or probate of the estate would still be open. These allegations are unclear.

*County as a defendant*. Under some circumstances, a local governmental entity, such as Ada County, can be a proper defendant in a § 1983 action. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). But local governments are not liable merely because they employ the person who the plaintiff claims violated his or her constitutional rights. To state a claim against a local governmental entity, a plaintiff must instead allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, which requires a showing that (1) the plaintiff was deprived of a constitutional right, (2) the governmental entity had a policy or custom, (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right, and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a

traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The Complaint does not contain sufficient policy allegations to permit Plaintiff to proceed against the County. This type of claim is better brought after Plaintiff has conducted discovery to determine whether any individual Defendant acted in conformity with a county policy or custom. Amendment may be requested at any time prior to the amendment deadline.

*Official capacity claims*. Plaintiff cannot pursue "official capacity" claims against Defendants unless he is seeking available types of prospective (future) injunctive relief. Section 1983 claims can be asserted against individuals personally or in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). An official capacity claim is "only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690, n. 55. Therefore, when bringing a §1983 action against individual agents in their official capacity, the plaintiff must show a policy or practice was a "moving force" in the constitutional deprivation. *See id.* The Complaint does not contain sufficient policy allegations to permit Plaintiff to proceed against any Defendant in an official capacity, nor is there a proper request for injunctive relief, for official capacity claims, as set forth directly below.

4. **Claims upon which Plaintiff May Not Proceed**

*Investigation as injunctive relief remedy*. A plaintiff seeking injunctive relief against the government may sue a defendant in their official capacity. *Hartman v.*

*California Dept. of Corr.*, 708 F.3d 1114, 1127 (9th Cir. 2013). The defendant should be the official within the entity who can appropriately respond to an order for injunctive relief. *Id*.

Here, Plaintiff seeks an investigation into Ada County Sheriff's Office practices, but that is not a form of relief available in a § 1983 action. *Lewis v. Burns*, No. 14-CV-01086-SMY, 2014 WL 5797636, at *3 (S.D. Ill. Nov. 7, 2014) (unpubl.); *Hood v. Murphy*, No. 08-3112-SAC, 2008 WL 4862362, at *9 (D. Kan. Nov. 10, 2008) (unpubl.).

*Improper defendant*. Plaintiff names the drug dog "Scout" as a defendant. A police dog is not a "person" subject to liability under § 1983. *Dye v. Wargo*, 253 F.3d 296, 300 (7th Cir. 2001). There is no cognizable claim against a dog.

*Criminal statute*. Plaintiff asserts a cause of action under 18 U.S.C. § 241 (criminal conspiracy against rights). Criminal statutes provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). If Plaintiff believes that crimes have occurred, he may contact the county, state, or federal prosecutor's office, but only a prosecutor has authority to decide whether to file and pursue criminal charges. This Court has no authority to entertain criminal charges asserted by private individuals in a federal civil action.

## IN FORMA PAUPERIS REVIEW AND SERVICE OF COMPLAINT

Plaintiff's jail trust account statement shows a "main balance" of $1,796.09. Dkt. 8. Even if this is not the current balance, the regularity with which he receives money shows that he can afford to pay the filing fee, and, in fact, states that he paid the filing fee

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

from funds in his jail trust account. Dkt. 5. Based on his application and jail trust account statement, the Court will deny his Application for Leave to Proceed in Forma Pauperis. Dkt. 1.

Plaintiff will be responsible for serving a summons, the complaint, and a copy of this Order upon Defendants by formal service of process or obtaining signed waivers of service of summons from each Defendant or their counsel within 120 days after entry of this Order; if one of these methods is not accomplished, claims against any unserved or non-waiving Defendants will be dismissed without prejudice. Plaintiff's "Motion for Service" will be denied, as there is no provision of law permitting public resources to be used to aid inmates who are not paupers serve lawsuits. Return of service documents or waivers signed by Defendants or their counsel must be filed with the Clerk of Court to avoid dismissal for non-service. Plaintiff may desire to contact counsel for Ada County, Jan Bennetts, Ada County Prosecutor, at 208-287-7700 or 200 W. Front St., Room 3191, Boise, ID 83702, for waiver of service issues.

Plaintiff may desire to attempt to find Idaho counsel on a contingency or other basis to aid in service of process and pursue his case. Plaintiff does not qualify for appointment of pro bono counsel, because he does not qualify for in forma pauperis status. The Idaho State Bar lawyer referral service contact information is 208-334-4500 or P.O. Box 895, Boise, ID 83701.

**INITIAL REVIEW ORDER BY SCREENING JUDGE  - 8**

## CONCLUSION

Plaintiff may proceed on the traffic stop and dog search claims against the individual Defendants, but must accomplish service of process himself. Other claims cannot be pursued without an amended complaint, as set forth above. Plaintiff may *not* proceed on claims against the Ada County Sheriff's Office, the individual Defendants in their official capacity (because it does not appear that the injunctive relief Plaintiff seeks is available), or the dog known as K-9 Scout. If Plaintiff intended to assert other claims that the Court did not discern, then he may file an amended complaint.

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

## INSTRUCTIONS FOR AMENDMENT

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**INITIAL REVIEW ORDER BY SCREENING JUDGE  - 9**

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant. In other words, for each claim against each defendant, Plaintiff must state the "who, what, where, when, why, and how" of each claim.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

with the Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint."

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED.

2. Plaintiff's Motion for Service (Dkt. 7) is DENIED.

3. Plaintiff must serve Defendants or obtain and file waivers of service of summonses within **120 days** after entry of this Order, or claims against any unserved Defendants will be dismissed without prejudice without further notice to Plaintiff.

4. The Clerk of Court shall provide Plaintiff with a blank form waiver of service for his information and for copying with his copy of this Order.

5. The Court will issue disclosure and discovery orders after service has been accomplished.



DATED: June 3, 2025

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE** - 11